UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MICHAEL ARDIS,

      Plaintiff,

v.                                Case No. 3:14cv328/MCR/CJK

PAIGE ANDERSON, *et al.,*

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Michael Ardis, who is proceeding *pro se*, filed suit against the defendants asserting causes of action under 42 U.S.C. § 1983 and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, stemming from the termination of his employment at Pensacola State College ("PSC").[1]  Based upon its review of plaintiff's complaint, the undersigned finds that it is frivolous and malicious, fails to state a claim upon which relief can be granted, and should be dismissed.  Indeed, considering the history and posture of this claim, further proceedings would constitute an abuse of the judicial system.

---

[1] Plaintiff also seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

Case No.  3:14cv328/MCR/CJK

BACKGROUND[2]

Plaintiff was employed as a tenured associate professor at PSC when he was terminated on January 18, 2011, for submitting false statements regarding a Master's Degree he allegedly earned during a sabbatical.[3] Plaintiff challenged his termination, ultimately invoking the arbitration provision in the Collective Bargaining Agreement between the Pensacola State College Board of Trustees and the United Faculty of Florida - Pensacola State College Faculty Association ("Union"), of which plaintiff was a member at the time of his termination.[4] The parties proceeded to arbitration, which resulted in a decision unfavorable to plaintiff. Specifically, the arbitrator found that plaintiff made false representations concerning a Master's Degree allegedly earned during his sabbatical which amounted to misconduct in office, warranting termination. After the arbitrator rendered her decision, plaintiff filed suit in Escambia County Circuit Court seeking to void both the arbitration decision and his termination. The lawsuit was decided adversely to plaintiff, and he appealed the decision to the First District Court of Appeal ("First DCA"), which affirmed the trial

---

[2] The court takes judicial notice of another lawsuit plaintiff filed in this court, *Ardis v. Pensacola State Coll. Bd. of Trs., et al.*, 3:13cv352/MCR/CJK, as well as all pleadings and other papers filed therein. *See Horne v. Potter*, 392 Fed. App'x 800, 802 (11th Cir. 2010) (*per curiam*) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)). The facts set forth below are gleaned, at least in part, from those pleadings and other papers.

[3] Plaintiff sharply disputes the proffered reason for his termination, alleging that he was terminated in response to negative publicity generated by his former wife and parents-in-law, who were retaliating against him because of a custody dispute.

[4] The plaintiff first filed two grievances, both of which were denied by PSC. The Union then requested arbitration on the plaintiff's behalf.

Case No. 3:14cv328/MCR/CJK

court *per curiam*.  Plaintiff then sought review in the Florida Supreme Court and the United States Supreme Court, both of which declined to exercise jurisdiction over the matter.

Having seemingly exhausted all other avenues of potential relief, plaintiff filed suit in this court, again challenging the arbitration proceeding and his termination. *See Ardis v. Pensacola State Coll. Bd. of Trs.*, 3:13cv352/MCR/CJK, June 10, 2013 (doc. 1)*.*  On April 16, 2014, the parties filed a Stipulation for Dismissal with Prejudice.   Several months later, on July 11, 2014, plaintiff filed the instant complaint.  *See Ardis v. Anderson, et al.*, 3:14cv328/MCR/CJK, July 11, 2014 (doc. 1).  Shortly thereafter, on August 27, 2014, plaintiff filed a motion to set aside the final judgment and re-open the prior federal court case, arguing that the judgment was based on extrinsic fraud – specifically, that a confidentiality provision contained in the parties' settlement agreement was prohibited under § 69.081, Fla. Stat., and thus rendered the entire agreement void.  While that motion was pending, plaintiff filed a motion to consolidate the prior case with the instant case, arguing that the two cases involved common questions of law and fact, as both included claims under § 1983 and the FAA and both included a request for declaratory relief.  The district judge denied plaintiff's motion to re-open the prior case, finding that the court lacked jurisdiction as a result of the parties' stipulation of dismissal under Fed. R. Civ. P. 41(a).  The court also denied all other pending motions as moot and advised plaintiff that the case was closed and the court would accept no additional filings.

Having carefully reviewed plaintiff's second amended complaint, along with all of the filings in the prior action filed in this court, the undersigned finds that plaintiff has merely attempted to revive his former (settled) claims and has failed to

state a claim up which relief can be granted and that his complaint therefore should be dismissed.

DISCUSSION

A.    <u>Standard of Review</u>

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss his complaint if it determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and dismissing plaintiffs' case for failure to state a claim because plaintiffs had "not nudged their claims across the line from conceivable to plausible"). A complaint also is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

B.    Individual Capacity Claims

As set forth above, in his complaint, plaintiff asserts claims under § 1983 and the FAA against nine named defendants – Paige Anderson, Thomas Gilliam, Jr., Martin Gonzalez, Charles Edward Meadows, K. Blaine Wall, Thomas Wazlavek, the Pensacola State College Faculty Association, the United Faculty of Florida, and the Florida Education Association – and twenty unnamed defendants in their individual and official capacities as agents of the other defendants. Although plaintiff sues the defendants in their individual capacities, he has wholly failed to allege any action by these defendants in that regard. To the contrary, plaintiff has alleged that the defendants "acted under the color of State law," which the undersigned construes as an assertion that they acted in the course and scope of their employment. Plaintiff's claims against the defendants in their individual capacities, therefore, should be dismissed.

C.    Official Capacity Claims

1.    *Res judicata*

"The doctrine of res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Dixon v. Bd. of Cnty. Com'rs Palm Beach Cnty., Fla.*, 518 Fed. Appx. 607, 609 (11th Cir. 2013). In determining "whether to give res judicata effect to a state court judgment," a federal court "must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Muhammad v. Sec'y, Fla. Dept. of Corrections*, 739 F.3d 683, 688 (11th Cir. 2014) (internal marks omitted). Under Florida law, "'[a] judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is

conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.'" *Id.* (quoting *Fla. Dep't of Transp. v. Juliano*, 801 So.2d 101, 105 (Fla. 2001)).  "In other words, a judgment on the merits bars a later-filed complaint when the following four conditions are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in persons for or against whom [the] claim is made." *Id.* (internal marks omitted).

"Florida law defines identical causes of action as causes sharing similarity of facts essential to both actions. *Id.* (internal marks omitted).  Hence, under Florida law, "[i]dentity of the cause of action is a question of 'whether the facts or evidence necessary to maintain the suit are the same in both actions.'"  *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1074-75 (11th Cir. 2013) (quoting *Tyson v. Viacom, Inc.*, 890 So.2d 1205, 1209 (Fla. 4th DCA 2005) (*en banc* and *per curiam*)). In the Eleventh Circuit, "the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same." *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992).  "The test is one of substance, not form." *Id.*  "Res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Id.* at 1358-59 (internal marks omitted).

Here, plaintiff filed a complaint in state court seeking to vacate the arbitrator's decision arguing, among other things, that the arbitrator was biased and that the arbitrator exceeded her authority in finding that his termination was justified.  The

state court found otherwise, stating that there was "no reasonable basis for concluding that there was evident partiality by the arbitrator toward the Defendant or against the Plaintiff" and that the arbitrator determined the issue before her – whether there was just cause for the plaintiff's termination – in a decision based on competent and substantial evidence.  Plaintiff lost.

Plaintiff then challenged the very same arbitration – claiming procedural violations – in the earlier suit  filed in this court; he also challenged the validity of his termination, claiming he was discriminated against based on his sex.  Now, having stipulated to dismissal of the first federal suit, plaintiff once again challenges the arbitration based on alleged procedural violations and his termination based on alleged sex discrimination.  Because all of the claims asserted in this matter were raised, or could have been raised, in the prior state and federal actions, and are based on the same facts underlying those lawsuits, the first and second elements of *res judicata* are satisfied.[5]

Turning to the third and fourth factors, identity of persons or parties to the action and identity of quality in persons for or against whom the claim is made, Mr. Ardis indisputably was the plaintiff in both the state court action and the prior federal court action and is the plaintiff in the case at bar.  PSC was the sole defendant in the

---

[5] *Res judicata* applies to the Stipulation of Dismissal filed by the parties in the prior federal action.  *See Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004) ("In the absence of a settlement agreement [providing otherwise], a judgment of dismissal pursuant to Rule 41 should be given the same *res judicata* effect as any other judgment.").  As the Eleventh Circuit explained, "[a] judgment dismissing an action with prejudice based upon the parties' stipulation, unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimizing force from the fact that the parties consented to it."  *Id.*

state court action, and the Pensacola State College Board of Trustees, Edward Moore, Herb Woll, Carol Carlan, Monsignor Luke Hunt, Marjorie T. "Margie" Moore, John L. O'Connor, Dona Usry, Deidre Young, Charles Edward Meadows, Thomas Gilliam, Jr., Martin Gonzalez, and Paul Snider were defendants in the earlier federal action. To the extent they were sued in their official capacities, the defendants in the prior federal court action were in privity with PSC. The parties in the state case and prior federal action thus were identical for purposes of *res judicata*. *See Muhammad*, 739 F.3d at 689; *Estevez v. Nabers*, 219 F.2d 321, 323 (5th Cir. 1955) ("The fact that the defendant is a different person in the present action does not affect the availability of the plea of res judicata, since the government, its officers, and its agencies are regarded as being in privity for such purposes.").[6]

In this case, plaintiff has sued Paige Anderson, Thomas Gilliam, Jr., Martin Gonzalez, Charles Edward Meadows, K. Blaine Wall; Thomas Wazlavek; the Pensacola State College Faculty Association; the United Faculty of Florida; and the Florida Education Association. Plaintiff therefore has included many of the same defendants in this action that were named in the prior federal action but has added several new defendants. To the extent plaintiff seeks to avoid the preclusive effects of *res judicata* by naming new defendants in this action, his effort, to put it mildly, is duplicitous and to no avail. Indeed, the Eleventh Circuit has recognized that a party "may not avoid the application of *res judicata* by adding new parties." *Endsley v. City of Macon, Ga.*, 321 F. App'x 811, 814 (11th Cir. 2008). The claims plaintiff

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

has asserted against the new defendants in this action could and should have been brought in the prior lawsuits, as they all stem from plaintiff's termination and the ensuing arbitration.  The undersigned thus also finds the third and fourth elements of *res judicata* satisfied and concludes that plaintiff's claims are barred by the doctrine of *res judicata*.[7]

2.     *Eleventh Amendment*

Even if plaintiff's claims were not subject to dismissal based on the doctrine of *res judicata*, his claims against the college official defendants are barred by the Eleventh Amendment.  It is well settled that the Eleventh Amendment "bars federal courts from entertaining suits against states."  *Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll., Fla.*, 421 F.3d 1190, 1192 (11th Cir. 2005).  "Agencies, departments, and instrumentalities of states," including state colleges and universities, "are entitled to the same Eleventh Amendment immunity as the states themselves."  *Susan J. v. Riley*,

---

[7] The court notes that the plaintiff participated in the arbitration proceeding through its conclusion, while represented by counsel, without ever challenging the manner in which the arbitrator was selected and thus waived his right to do so in subsequent proceedings. *See, e.g., Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 673-74 (2002) (holding that the failure to object to a defect in the arbitrator selection process constituted a waiver); *Own Capital, L.L.C. v. Johnny's Enters., Inc.*, No. 11-12772, 2011 WL 2560334, at *4-6 (E.D. Mich. June 28, 2011) (finding that the defendants waived their right to object to the process by which the arbitrator was selected because they failed to object during the arbitration proceeding) (and cases cited therein); *Flournoy v. Am. Interactive Media, Inc.*, No. CIV. A. 98-CV-6573, 2001 WL 177067, at *2 (E.D. Pa. Jan. 12, 2001) (finding that because the defendants "waited until *after the arbitrators entered an award* to object to the selection of the arbitrators," they waived such objection) (emphasis in original); *see also McKnight v. Dillard's, Inc.*, No. 3:08-00153, 2008 WL 4329221, at *7 (M.D. Ten. Sept. 16, 2008) (finding that party "effectively waived" objection to arbitrator by failing to follow selection procedure set forth in arbitration agreement by failing to follow it); *Bullseye Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, No. 06-13571, 2007 WL 2780541, at *5 (E.D. Mich. Sept. 24, 2007) (noting that parties to an arbitration agreement may waive provisions, including those  regarding the selection of arbitrators, when they voluntarily and intentionally abandon their rights to insist upon strict adherence to the terms).

616 F. Supp. 2d 1219, 1230 (M. D. Ala. 2009) (citing, among other cases, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir.1999), for the proposition that, "[i]n the context of Eleventh Amendment immunity, we have held that state universities are "agencies or instrumentalities" of the state, and thus are immune from suit in federal court."); *see England v. Hillsborough Cmty. Coll.*, No. 13-12483, 2013 WL 6153696, at *3 (11th Cir. Nov. 25, 2013) ("As an 'arm of the state,' a Florida community college . . . enjoys immunity from suit."); *Schultz v. Bd. of Trustees of the Univ. of W. Fla.*, No. 3:06cv442-RS-MD, 2007 WL 1490714, at *3 (N.D. Fla. May 21, 2007) (recognizing that a state university is "an agency or instrumentality of the State of Florida for Eleventh Amendment purposes")*; see also* Fla. Stat. § 1000.21(3) (including PSC in the "Florida College System"). There is an exception to Eleventh Amendment immunity for claims against state officials when a plaintiff seeks prospective injunctive relief to stop ongoing violations of federal law.  *See, e.g., Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009); *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir.1995); *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000); *Kim v. Ala. Agric. and Mech. Univ.*, No. 5:12-cv-2190-TMP, 2013 WL 1834619, at *2-3 (N.D. Ala. April 29, 2013).  In this case, however, there is no continuing violation of federal law.  *See, e.g., Price v. Univ. of Ala.*, 318 F. Supp. 2d 1084, 1089 (N.D. Ala. 2003).  Rather, both the plaintiff's termination and the arbitration proceeding are "events . . . of the past and will not occur again in the future."  *Id.*  As a result, plaintiff's claims against the college official defendants in their official capacities are precluded by the Eleventh Amendment.

3.     *Merits*[8]

a.     § 1983

Plaintiff's § 1983 claim is based on alleged gender discrimination.  Plaintiff contends that the defendants "illegally targeted [him] due to his gender" by terminating him and failing to arbitrate in accordance with the arbitration agreement and FAA.  In order to establish a *prima facie* case of gender discrimination, plaintiff must demonstrate that "(1) [he] is a member of a protected class; (2) [he] was subjected to an adverse employment action; (3) [his] employer treated similarly situated employees outside of [his] protected class more favorably than [he] was treated; and (4) [he] was qualified to do the job." *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006).  Plaintiff has failed to adequately allege that a similarly situated employee outside his protected class was treated more favorably than he was.  Although he states that the defendants treated him differently than they treated other similarly situated individuals, he does not specify the nature of the alleged differential treatment and he has not pointed to a single employee, much less a female, who made false representations to the college regarding her qualifications and was not terminated.  It is clear from the allegations in his second amended complaint that plaintiff attributes the defendants' actions toward him to the defendants' desire to avoid further negative publicity associated with him and not to his gender.  Plaintiff's contention that he is male and has been dismissed is nothing more than a transparent pretext to invoke this forum.  His § 1983 claim therefore fails

---

[8]As set out above, this court should dismiss this matter without consideration of the merits. Nevertheless, considering plaintiff's persistence in pursuing this matter, the undersigned will briefly address the merits because the grievances again aired here fall far short of supporting any federal cause of action.

Case No.  3:14cv328/MCR/CJK

as a matter of law.

>    b.    FAA

In support of his FAA claim, plaintiff alleges that the defendants violated § 2 of the Act, which provides that arbitration agreements are valid and irrevocable; § 4, which sets forth the process for filing a motion to compel arbitration; and § 5, which provides for court appointment of an arbitrator.  None of the provisions of the statute on which the plaintiff relies in support of his FAA claim apply to the facts of this case.  Indeed, plaintiff is not challenging the validity of the arbitration agreement or attempting to revoke it.  Plaintiff has not alleged that the defendants have failed, neglected, or refused to arbitrate his claims.  And plaintiff has not requested court appointment of an arbitrator.  To be plain, the present case, in a light most favorable to plaintiff, is not an arbitration matter.  That case happened and is over.  Plaintiff's primary complaint appears to be that the parties did not follow the procedure set forth in the CBA for the selection of an arbitrator.  The CBA, however, contains a waiver provision that states as follows:

> Regardless of any procedure set forth in this CBA, the parties retain the right to agree mutually upon alternative methods for achieving goals or for the resolving of any question, controversy, claim, or matter of difference arising on campus or from this Agreement or the performance or breach of any part thereof.

Pursuant to the CBA, therefore, the parties were not bound by the selection process set forth therein and were free to choose an arbitrator in any manner upon which they agreed.  Although plaintiff alleges that he did not agree to the manner in which the arbitrator was selected – and even opposed it – the union representatives and

attorneys acting on his behalf participated in the decision to select the arbitrator in the manner in which the parties did.  Even if that were not the case,  as set forth above, both plaintiff and his representatives participated in the arbitration proceeding without ever raising the issue and thus waived it.

CONCLUSION

For the reasons set forth above, it is respectfully RECOMMENDED as follows:

1.     That plaintiff's Second Amended Complaint for Injunctive and Declaratory Relief and for Damages be DISMISSED with prejudice as  frivolous and malicious and failing to state a claim upon which relief can be granted  [9]

2.     That the clerk of court be directed to close the file.

At Pensacola, Florida, this 20th day of January, 2015.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] To be sure, the undersigned does not lightly dismiss actions *sua sponte*.  In this case, however, it is abundantly clear that plaintiff's claims are both barred and utterly lacking in merit. The undersigned also notes that plaintiff has relentlessly pursued claims against the defendants, in various courts, undoubtedly at great (public) expense, despite repeatedly having been advised that he has no further viable claim for relief.  In fact, Florida's First District Court of Appeal recently commented that plaintiff is "the poster-child for vexatious litigants."  *See Ardis v. Pensacola State Coll.*, 128 So. 3d 260, 264 (Fla. 1st DCA 2013).  Without adopting that characterization, the undersigned entertains no doubt that this matter illustrates the sound policy and social value of finality in litigation.  The very concept of *res judicata* is based upon judicial policy that any matter in litigation must be, ultimately, concluded, no matter how strongly one party may feel about the outcome.

Case No.  3:14cv328/MCR/CJK

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).